## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**DAVID WARNER,**

     **Petitioner,**

**v.**                                    **Case No.  4:13cv552-RH/CAS**

**STATE OF FLORIDA,**

     **Respondent.**
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On September 26, 2013, Petitioner David Warner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.  After direction by this Court, ECF No. 4, Petitioner filed an Amended § 2254 petition on March 5, 2014.  ECF No.  7.  In his petition, Warner challenges his convictions and sentences entered by the Second Judicial Circuit, Leon County, Florida, on April 17, 2008, following a jury trial.  ECF No. 7 at 1.  On July 1, 2014, Respondent filed an answer with exhibits. ECF No. 11.  Petitioner filed a reply with memorandum and exhibits.  ECF No. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and

Northern District of Florida Local Rule 72.2(B).  After careful consideration

of all the issues raised, the undersigned has determined that no evidentiary

hearing is required for disposition of this case.  *See* Rule 8(a), R. Gov. §

2254 Cases in U.S. Dist. Cts.  For the reasons set forth herein, the

pleadings and attachments before the Court show that Petitioner is not

entitled to federal habeas relief, and this § 2254 petition should be denied.

## Background and Procedural History

Petitioner was charged by information filed December 28, 2007, in

the Circuit Court of the Second Judicial Circuit, Leon County, Florida, with

two counts in connection with events that took place on December 10,

2007: (1) burglary of a dwelling, in violation of section 810.02(3)(b), Florida

Statutes; and (2) grand theft, in violation of section 812.014(2)(c)1., Florida

Statutes.  Ex. C at 1.[1]  Petitioner proceeded to jury trial and on April 11,

2008, was found guilty as charged.  Ex. C at 27-28.  In a judgment and

sentence rendered April 17, 2008, Petitioner was adjudicated guilty of both

counts and sentenced on Count (1), as a prison release reoffender

pursuant to section 775.082(b), Florida Statutes, to fifteen years in prison

---

[1] Hereinafter, all citations to the State court record will refer to exhibits submitted with Respondent's answer, ECF No. 11.

and, on Count (2), to five years in prison to run concurrently, with jail credit of 130 days.  Ex. C at 35-45.

Petitioner Warner's direct appeal of his convictions and sentences to the First District Court of Appeal in case number 1D08-2134 was affirmed per curiam without a written opinion.  Ex. K; Warner v. State, 23 So. 3d 716 (Fla. 1st DCA 2009).  The district court's mandate was issued December 30, 2009.  Ex. L.  Warner's pro se petition for discretionary review to the Florida Supreme Court was denied for lack of jurisdiction on February 3, 2010.  Ex. N, O; Warner v. State, 29 So. 3d 292 (Fla. 2010).

On May 6, 2010, Petitioner, pro se, filed his initial Motion for Post-Conviction Relief in the state trial court pursuant to Florida Rule of Criminal Procedure 3.850 raising five grounds.  Ex. Q at 73-94.  Petitioner's motion for leave to amend was granted, Ex. Q at 97, and the amended motion was filed.[2]  Ex. Q at 98-141.  An evidentiary hearing was held on October 21,

_____

[2] The grounds asserted are summarized as follows: (1) Counsel failed to object to the jury instruction on the lesser included offense of trespass, which omitted elements; (2) Counsel failed to object to the jury instruction on burglary, which was incomplete as to the elements; (3) Counsel failed to object and move for mistrial regarding the prosecutor's closing argument, which misstated the testimony of the defense witness; (4) Counsel failed to object and move for mistrial during cross-examination of the key defense witness, which elicited testimony concerning an uncharged and unrelated crime of possession and use of crack cocaine and which indicated defendant's involvement; (5) Counsel failed to ensure adversarial testing to benefit defendant by eliciting

2011, before the Honorable James C. Hankinson, Circuit Judge, at which

Petitioner was represented by counsel.  Ex. Q at 155-224.  For the reasons

announced on the record, the trial court denied the motion for post-

conviction relief in an order entered on that same date.  Ex. Q at 154.

On appeal of the order denying Petitioner's initial motion for post-

conviction relief, Petitioner's appellate counsel filed an "Anders" brief, which

was stricken as unauthorized, and Warner was given leave to file a pro se

brief.  Ex. T.  Petitioner's pro se brief raised one point of error: "The trial

court erred in denying appellant's motion challenging that omitted jury

instruction that combined elements of one and three.  This would have

caused the jury to believe that Mr. Warner did not have permission from

[the victim]."  Ex. U at 2.  The State filed an answer brief contending that

trial counsel was not ineffective for failing to object during the charge

conference to combining elements 1 and 3 on the count of burglary

because the jury was apprised of Petitioner's defense that he was inside

the victim's home with permission.  Ex. V.   Petitioner filed a reply brief.

---

testimony from the key defense witness that lessened the burden of the State to prove
guilt; (6) Counsel failed to investigate and call exculpatory witness to testify the vehicle
was borrowed for the purpose of moving, which proved defendant had no intent to
commit burglary and theft (claim abandoned. Ex. Q at 173); and (7) Counsel's
cumulative errors and omissions constitute ineffective assistance of counsel.

Ex. W.  The First District Court of Appeal affirmed denial of post-conviction relief without an opinion on May 28, 2013.  Ex. X.  Petitioner's motion for rehearing was filed on June 13, 2013.  Ex. Y.  The motion for rehearing was denied and the mandate of the state district court was issued on August 2, 2013.  Ex. AA.

While that appeal was still pending, Warner filed a second motion for post-conviction relief in the state trial court pursuant to Florida Rule of Criminal Procedure 3.850 on May 22, 2012, raising one ground.  Ex. BB. The trial court denied the second motion as untimely and successive on May 29, 2012.  Ex. CC.  Rehearing was denied by order entered on June 11, 2012, and Warner did not appeal that order.

As noted above, Warner filed a petition and amended petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254 raising eight grounds for relief:

> (1)  It was fundamental error to instruct the jury on proof of possession of recently stolen property, and ineffective assistance of counsel for failure to object to the improper jury instructions, in violation of the U.S. Constitution.  ECF No. 7 at 5.

> (2) The trial court erred in denying Petitioner's motion for judgment of acquittal, thereby denying Petitioner's due process under the Fourteenth Amendment of the U.S. Constitution and creating a manifest injustice.  ECF No. 7 at 6.

(3) Counsel was ineffective in failing to object to jury instructions concerning the lesser included offense of trespass, where the jury instructions given were from 2008 and the arrest occurred in 2007, in violation of the Fourteenth Amendment to the U.S. Constitution. ECF No. 7 at 8.

(4) Counsel was ineffective for failing to object to incomplete jury instructions violating Petitioner's due process rights in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution. ECF No. 7 at 10.

(5) Even if counsel's ineffectiveness in one instance is not in itself sufficiently prejudicial to require reversal, the cumulative instances of ineffective assistance of counsel clearly create the reasonable probability of a different outcome during trial.  ECF No. 7 at 15.

(6) Counsel failed to object and move for mistrial during the prosecutor's cross-examination of the defense's key witness, where the prosecutor elicited testimony of an uncharged crime, in violation of Petitioner's rights under the Sixth and Fourteenth Amendments to the U.S. Constitution.  ECF No. 7 at 16.

(7) Trial counsel was ineffective by failing to object and move for mistrial where the prosecutor misstated the testimony of the defense's sole witness and erroneously affected the trial, in violation of Petitioner's Sixth and Fourteenth Amendment due process rights.  ECF No. 7 at 17.

(8) Trial counsel failed the constitutional duty to ensure that adversarial testing worked to aid Petitioner by eliciting patently prejudicial testimony from Petitioner's primary witness, his co-defendant, thereby lessening the State's burden to convict, resulting in an unreliable trial in violation of Petitioner's Sixth, Fifth, and Fourteenth Amendment rights of due process, and creating a manifest injustice.  ECF No. 7 at 18.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and

Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant

habeas corpus relief for persons in state custody.  Section 2254(d)

provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim—
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).  *See, e.g.,* Cullen v. Pinholster, 563 U.S. 170, 181

(2011); Gill v. Mecusker, 633 F.3d 1272, 1287 (11th Cir. 2011).  "This is a

'difficult to meet' and 'highly deferential standard for evaluating state-court

rulings, which demands that state-court decisions be given the benefit of

the doubt.'"  Cullen, 563 U.S. at 181 (quoting Harrington v. Richter, 162

U.S. 86, 102 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)).

This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits."  <u>Cullen</u>, 131 S.Ct. at 1388.

"It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," and "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  *See also* <u>Swarthout v. Cooke</u>, 131 S.Ct. 859, 863 (2011) ("[W]e have long recognized that 'a "mere error of state law" is not a denial of due process.' " (quoting <u>Engle v. Isaac</u>, 456 U.S. 107, 121, n.21 (1982))).  Where federal claims are properly raised in a habeas proceeding, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); Title 28 U.S.C. § 2254(b).  In order for remedies to be exhausted, "the petitioner must have given the state courts a 'meaningful opportunity' to address his federal claim."  <u>Preston v. Secretary, Florida Dep't of Corr.</u>, 785 F.3d 449, 457 (11th Cir. 2015) (quoting <u>McNair v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005)).

For claims of ineffective assistance of counsel, the United States Supreme Court has adopted a two-part test:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  To demonstrate deficient performance, a "defendant must show that counsel's performance fell below an objective standard of reasonableness."  *Id.* at 688.  To demonstrate prejudice, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  For this Court's purposes, "[t]he question 'is not whether a federal court believes the state court's determination' under the Strickland standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.' "  Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).  "And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."  Knowles, 556 U.S. at 123.  It is

a "doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard." *Id.*

## **Ground 1**

Petitioner contends in his first claim in this Court that it was fundamental error and an abuse of discretion for the trial court to instruct the jury on proof of possession of recently stolen property; and that it was ineffective assistance of counsel for failure to object to the improper jury instruction, in violation of the U.S Constitution.  ECF No. 7 at 5.

This two-part claim was not raised in the post-conviction proceeding, nor was it raised in the appeal from denial of post-conviction relief.  In that appeal, Petitioner raised only this issue: "The trial court erred in denying appellant's motion challenging that omitted [burglary] jury instruction that combined elements of one and three.  This would have caused the jury to believe that Mr. Warner did not have permission from [the victim]."  Ex. U at 2.

Petitioner did raise a claim of fundamental error unsuccessfully in his state court appeal from his convictions and sentence.  There, he contended that the jury was instructed that possession of recently stolen property gives rise to a presumption of knowledge of the stolen nature of the

property.  Ex. I at 16.  He also contended on direct appeal that fundamental

error occurred because the evidence failed to prove that he actually or

constructively possessed the stolen property.  Ex. I at 16-18.  The

fundamental error raised in Petitioner's appeal was an issue of state law,

which is not cognizable in this habeas corpus proceeding.  Estelle, 502

U.S. at 68.  Additionally, the instruction appealed in the state court as

fundamental error was not the instruction given in Petitioner's trial and is

not the same instruction that is the subject of his habeas claim in this Court.

For these reasons, Petitioner is not entitled to habeas relief on this portion

of his first ground.

      The portion of Ground 1 in which Petitioner claims ineffective

assistance of counsel for failure to object to a jury instruction addressing

possession of recently stolen property is also procedurally defaulted.

Regardless of any default, this ground should be denied on the merits.  The

only jury instruction by the trial court concerning recently stolen property

was given in relation to the charge of burglary, as follows:

> Proof of unexplained possession by an accused of property
> recently stolen by means of a burglary may justify a conviction
> of burglary with the intent to steal that property if the
> circumstances of the burglary and of the possession of stolen
> property when considered in light of all the evidence in the case

convinces you beyond a reasonable doubt that the defendant
committed the burglary.

Ex. E at 112 (emphasis added); Fla. Std. Jury Instr. 13.2 (Crim.) (2007).

This instruction creates, at most, a permissive inference of intent to steal,

and only when the evidence proves beyond a reasonable doubt that the

defendant committed the burglary.

In the jury trial, Warner did not testify but presented testimony

through his codefendant that Warner was hired by the codefendant to help

him move some items and furniture from the apartment for an individual

who used to live there.  Ex. E at 76-81, 86.  That individual testified at trial,

however, that in December 2007 he had not given the codefendant

permission to enter the apartment and did not ask him to move any

possessions out of the apartment, although he had asked him to do so in

October of 2007.  Ex. E at 92-93.  Further, the evidence showed that

Warner and his codefendant were in the apartment preparing to remove

items, and had removed items and placed them in a truck parked nearby,

before dawn on the day in question.  Ex. E. at 29, 32-33.  The door to the

apartment was "kicked in" and no key was found.  Ex. E at 29, 35.  The

current occupant of the apartment testified that she did not give Warner or

his codefendant permission to be in her apartment.  Ex. E at 53.  Thus, the

evidence allowed the trier of fact to reject the defense explanation of Warner's presence in the apartment and to find beyond a reasonable doubt that when Warner entered the apartment, he intended to commit theft.  In light of this evidence, trial counsel's failure to object to this instruction has not been shown to constitute deficient performance and Petitioner is not entitled to habeas relief.

### Ground 2

In his second ground, Petitioner Warner asserts that the trial court erred in denying his motion for judgment of acquittal, thereby denying him due process under the Fourteenth Amendment of the U.S. Constitution and creating a manifest injustice.  ECF No. 7 at 6.  He did raise this same issue in his appeal from his convictions and sentences, in which he contended that the State failed to present proof of intent necessary to convict him of either burglary or grand theft.  Ex. I at 13 (Initial Brief of Appellant, Case Number 1D08-2134).  This argument was based on the special circumstantial evidence rule in Florida law that for the evidence to be sufficient in a wholly circumstantial evidence case, it must establish each element of the offense and be inconsistent with any reasonable hypothesis of innocence.  *See, e.g.,* Twilegar v. State, 42 So. 3d 177, (Fla. 2010).  In

the trial, Ex. E at 67-71, and in his appeal, Ex. I at 13-15, Warner presented only Florida law to support his argument in the appellate court, which affirmed his convictions per curiam without opinion.  Ex. K.

No federal basis for relief was presented to the state trial or appellate court for this claim, and this claim was not raised in his post-conviction proceeding or in the appeal from the state trial court's denial of post-conviction relief.  The claim is thus unexhausted and procedurally defaulted.  Even if the claim had been properly raised in his post-conviction proceeding, federal habeas relief would be unavailable.

The Eleventh Circuit in Johnson v. Alabama, 256 F.3d 1156 (11th Cir. 2001), has explained that in evaluating the sufficiency of the evidence to sustain a conviction on federal habeas review, the Court asks whether after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the petitioner guilty beyond a reasonable doubt.  *Id.* at 1172.  "[T]he State is not required to rule out every hypothesis except that of guilt of the defendant."  *Id.* (citing Jackson v. Virginia, 443 U.S. 307, 326 (1979)).  Where there are conflicting inferences, it is presumed under a deferential view of the jury's credibility

determinations that the jury resolved those conflicts in favor of the

prosecution.  Johnson, 256 F.3d at 1172 (citing Jackson, 443 U.S. at 326).

Evidence was presented that the victim left her apartment locked and

did not return until approximately 5:30 a.m. on the day of the offense.  Ex.

E at 49.  The door was open and appeared to have been kicked in.  Ex. E

at 29, 50.  When a deputy arrived, he found Warner coming out of the

victim's apartment and the codefendant hiding inside.  Ex. E at 22-25.

Neither Warner nor his codefendant had a key to the apartment in his

possession.  Ex. E at 35.  The victim testified she did not give either man

permission to enter her apartment.  Ex. at 53.  Items belonging to the victim

had been loaded into the back of a truck that sat at the bottom of the stairs

to the apartment, including a flat screen television, cable boxes, a digital

recorder, baby diapers, a purse, two cell phones, and a power drill. Ex. E at

33, 52.  In light of this evidence, and the other evidence presented in the

State's case-in-chief, denial of the motion for judgment of acquittal was

proper and does not constitute an unreasonable application of clearly

established United States Supreme Court precedent.  Nor was denial of the

motion for judgment of acquittal an unreasonable determination of the facts

in light of the evidence presented.  Therefore, this ground should be
denied.

## **Ground 3**

Petitioner's third claim asserts ineffective assistance of trial counsel
based on his failure to object to the jury instruction that was given as to the
lesser included offense of trespass.  Petitioner contends that the 2008 jury
instruction for trespass was given improperly because the offense occurred
in 2007, although the 2008 jury instruction did not differ from the 2007 jury
instruction.  *See* Comment, Fla. Std. Jury Instr. (Crim.) 13.3 Trespass—In
Structure or Conveyance (noting that the instruction was adopted in 1981,
and was amended in 1985 and 2012).  Further, this specific claim,
contending a different version of the instruction should have been given,
was not raised in the post-conviction proceeding in the trial court and was
not the subject of an appeal to the state appellate court, and is
unexhausted and procedurally defaulted.

Petitioner did claim in his amended post-conviction motion in the
state trial court that counsel was ineffective for failing to object to the
trespass instruction on the grounds that it omitted a portion of the
instruction requiring the State to prove that the defendant's entry in the

structure was without authorization, license, or invitation by the person in possession "or any other person authorized to give that permission."  Ex. Q at 101, 104.  Petitioner argued that, instead, the trial judge incorrectly instructed the jury, without objection, that to prove the crime of trespass the State must prove that the defendant willfully entered the dwelling of the victim "without permission."  Ex. Q at 102; Ex. E at 114.

The instruction given at trial also omitted that portion of the trespass instruction that stated: "Authority to enter or remain in a [structure] . . . need not be given in express words.  It may be implied from the circumstances. It is lawful to enter or remain in a [structure] . . . of another if, under all the circumstances, a reasonable person would believe that [he] . . . had the permission of the owner or occupant."  Fla. Std. Jury Inst. (Crim.) 13.3. Petitioner contended that the jury should have been instructed with the additional language requiring the state to prove that defendant did not have the permission, express or implied, of any other person authorized to give that permission.  Ex. Q at 104.

The standard jury instruction for trespass in 2007 and 2008 did include the additional element requiring proof that the defendant was without the invitation, authorization, or permission of any other person

authorized to give that permission, and that permission could be implied from the circumstances.  *See* Fla. Std. Jury Instr. (Crim.) 13.3(a)3.  At the evidentiary hearing, Petitioner's trial counsel testified that he would have had no strategic reason for not requesting the full jury instruction on trespass.  Ex. Q at 175.  Petitioner argued that the omission was critical, and prejudicial, because his codefendant testified that he was moving items out of the apartment at the request of an occupant and invited Petitioner to help him.  Petitioner contended this showed his reasonable belief that someone with authority had invited him to enter the premises.  Ex. Q at 203.

At the conclusion of the evidentiary hearing, the trial judge ruled as to this issue that ineffective assistance of trial counsel had not been demonstrated.  Ex. Q at 218.  The post-conviction court concluded that although the additional language in the standard jury instruction was not given, the instruction clearly required it be proven beyond a reasonable doubt that the defendant entered without the victim's permission.  Ex. Q at 217.  The court noted that the testimony was in conflict regarding whether the codefendant, and thus Petitioner, had permission or authorization to enter the apartment in December—the former occupant having testified he

had only granted permission for the codefendant to move the items in October, not December.  Ex. Q at 217.  The court stated, "It was for the jury to decide either he had permission or he didn't.  They decided he did not." Ex. Q at 218.  The court also noted that Petitioner was ultimately convicted of burglary.  Ex. Q at 217.

To the extent that the claim raised in this Court was presented in the post-conviction proceeding to the state trial court, it remains unexhausted and procedurally defaulted because Petitioner did not appeal that ruling to the state appellate court.  Petitioner's counsel stated at the evidentiary hearing that this ground, along with grounds 3, 4, and 5 of the post-conviction motion, standing alone, is not "sufficient to warrant a new trial or any kind of relief."  Ex. Q at 204.

Regardless of any default, the claim should be denied on the merits. Even if deficiency has been demonstrated by counsel's failure to object to the incomplete trespass instruction, prejudice has not been shown, as is required by Strickland.  This prong of the test for ineffective assistance of counsel requires a showing that counsel's errors were so serious as to deprive the defendant of a trial whose result is reliable.  Strickland, 466 U.S. at 687.  The defendant must show that but for counsel's error, there is

a reasonable probability that the result of the proceeding would have been different—a reasonable probability being one sufficient to undermine confidence in the outcome.  *Id.* at 694.

The jury heard testimony by Petitioner's codefendant that he "hired" Petitioner to help move items for an individual who had occupied the apartment before he was arrested, and who had requested the codefendant to move his items from the apartment.  That individual testified that he asked the codefendant to move the items in October, not in December.  The victim testified she gave neither Petitioner nor his codefendant permission to enter the apartment.  The issue of permission to enter was presented to the jury and resolved against Petitioner; and the jury found that a burglary had been proven, requiring the additional element of intent to commit theft.  There is no reasonable probability, sufficient to undermine confidence in the outcome, that the jury would not have convicted Petitioner of burglary and theft if the complete trespass instruction had been given.  For all these reasons, this ground should be denied.

## **Ground 4**

In this ground, Petitioner contends that trial counsel was ineffective for failing to object to "incomplete jury instructions," without specifying in the amended petition to which instructions this ground refers.  ECF No. 7 at 10. To the extent that this claim refers to the burglary instruction that was the subject of Petitioner's second ground in his Rule 3.850 motion, and which was the subject of Petitioner's post-conviction appeal, the claim should be denied.

As to the charge of burglary by unlawful entry, the jury was instructed in pertinent part as follows:

> To prove the crime of burglary of a dwelling, the State must prove the following elements beyond a reasonable doubt: One, David Warner entered a dwelling owned by or in the possession of [the victim] without permission.  Two, at the time of entering the dwelling David Warner had the intent to commit the offense of theft or some other offense.

Ex. E at 111.  The standard jury instruction for burglary, as revised in July of 2007, provided in pertinent part as follows:

> To prove the crime of Burglary, the State must prove the following [two][three] elements beyond a reasonable doubt:
>
> 1. (Defendant) entered a [structure] [conveyance] owned by or in the possession of (person alleged).

2. At the time of entering the [structure] [conveyance],
(defendant) had the intent to commit [an offense] [(the
crime alleged)] in that [structure] [conveyance].

*The offense intended cannot be trespass or burglary.*

*Give element 3 only if defendant meets his or her burden of
production that he or she had an invitation or license to enter,
or that the premises were open to the public. . . .*

3. [(Defendant)] was not [licensed] [invited] to enter the
[structure] [conveyance].]  [The premises were not open
to the public at the time of the entering.]

*See* In re Standard Jury Instructions in Criminal Cases – Report No. 2006-

2, 962 So. 2d 310, 321 (Fla. 2007) (amending Fla. Std. Jury Instr. (Crim.)

13.1 Burglary).

In the post-conviction proceeding, and in the appeal that followed

denial of relief, Petitioner's claim was that the state trial court improperly

combined element three with element one of the offense of burglary, and

failed to give the separate instruction concerning whether Petitioner was

invited to enter the property. *See, e.g.*, Ex. Q. at 203.  The state court

denied relief on this claim, finding no deficient performance of counsel and

no prejudice.  Ex. Q at 218.

The state court ruled at the conclusion of the evidentiary hearing that

although it appears the instruction given combined elements 1 and 3 of the

crime of burglary, the element of lack of permission to enter was, in fact, included in the first element given.  The state court concluded that the issue of permission to enter was therefore included in the instructions given to the jury, and it "came down to strictly a credibility determination whether [the codefendant's] testimony was sufficient to have created a reasonable doubt as to whether he invited Mr. Warner to do this.  The jury found that he did not."  Ex. Q at 218.  The court found no deficient performance and no prejudice, stating: "I find it hard to believe that any change in the instruction, as posited in the standard instruction, would have changed that basis. . . . I don't think Mr. Warner was prejudiced."  Ex. Q at 218.  Denial of this claim was appealed and affirmed per curiam without opinion.  The state court's denial of the claim raised in the post-conviction proceeding was not an unreasonable determination of clearly established United States Supreme Court precedent.  To the extent that the claim raised here can be said to mirror the claim presented to the state courts, it should be denied on the merits.

Petitioner's Ground 4 in his § 2254 petition in this Court, even though it also pertains to the burglary instruction, differs markedly from the claim made in the post-conviction court.  As explained by Petitioner in his Reply,

he now contends that trial counsel was ineffective for failing to object to the burglary instruction because it did not include the requirement that that State prove he did not have permission or consent of the victim "<u>or anyone authorized to act for him/her to enter the structure at the time</u>."  ECF No. 12 at 10 (emphasis added) (Petitioner's Reply with Incorporated Memorandum of Law to Respondent's Request for a Denial of the Habeas Corpus and Procedural Bar).  "[F]ederal courts have required a state prisoner to present the state courts with the same claim he urges upon the federal courts." <u>McNair</u>, 416 F.3d at 1302.  Thus, the claim made here was not fairly presented to the state courts and is thus unexhausted and procedurally defaulted.

Regardless of any default, Petitioner's Ground 4 should also be denied on the merits.  The language that Petitioner contends should have been included in the jury instruction on burglary was deleted by the Florida Supreme Court in the revisions made in an opinion issued in 2007 before the date of the offense in this case and before the date of the trial.  *See* <u>In re Standard Jury Instruction, etc.</u>, 962 So. 2d at 321.  Because the standard jury instruction did not incorporate the language about which Petitioner now complains was omitted, his trial counsel was not deficient in

failing to object to its omission, and ineffective assistance has not been shown.  When one component of the Strickland two-part test for ineffective assistance fails, "there is no need for a court to address both components of the inquiry if the defendant makes an insufficient showing on one."  Strickland, 466 U.S. at 697.  For all these reasons, Ground 4 should be denied.

### Ground 5

In this ground, Petitioner argues that the cumulative instances of ineffective assistance of counsel, even if each instance standing alone is insufficient to require reversal, require reversal when viewed in the aggregate.  ECF No. 7 at 15.  This claim should be denied.  Although the Supreme Court has not directly addressed the cumulative error doctrine in the context of an ineffective assistance of counsel claim, it has held that "there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt."  Forrest v. Fla. Dep't of Corr., 342 F. App'x 560, 565 (11th Cir. 2009) (quoting United States v. Cronic, 466 U.S. 648, 659 (1984)).  The state post-conviction court ruled, "I don't find that there was any prejudicial error even in the cumulative effect."  Ex. Q at 222.

Because each of the claims of ineffective assistance of counsel fail, the cumulative error claim must fail.  For these reason, the claim should be denied.

## **Ground 6**

In his sixth claim, Warner argues that trial counsel was ineffective for failing to object and move for a mistrial during the prosecutor's cross-examination of the defense's key witness.  ECF No. 7 at 16.  Warner argues that the prosecutor elicited testimony of an uncharged crime, which also implicated Petitioner, in violation of the U.S. Constitution.  Petitioner's amended § 2254 petition does not specify the cross-examination at issue, but Petitioner's original petition makes reference to cross-examination of the defense witness, Petitioner's codefendant, that elicited testimony that he was using crack cocaine around the time of the offense, and contends that the testimony tended to suggest that Petitioner was also using cocaine.  ECF No. 1 at 21.  This claim will, therefore, be examined under the assumption that it relies on the same facts as asserted in Ground 6 of Petitioner's first § 2254 petition, and that it was raised in substantially

similar form in the state post-conviction court in the amended Rule 3.850 motion.

In Petitioner's amended Rule 3.850 motion in the state court, Petitioner alleged that counsel was ineffective for failing to object and move for mistrial when cross-examination of his defense witness elicited evidence of use of crack cocaine.  Ex. Q at 120-26.  Warner argued in that proceeding that this testimony, and the testimony that the codefendant planned to pay Petitioner with both money and crack cocaine, was irrelevant and prejudicial.  Ex. Q at 121.

The cross-examination at issue transpired as follows:

Q  Let's go ahead and go back to December 10th.  Were you using any drugs or alcohol that evening?

A  I was.

Q  Can you tell us what type?

A  I was using crack cocaine and alcohol and possibly a little bit of marijuana.

Q  And you decided to pick up a random person to help you move?

A  Yeah.  Crack heads do that.

Q   And you decided to pay him?

A  Yes, ma'am.  Not all crack heads are broke.

Q  And can you explain to me the exact arrangement that you had for payment?

A  No.  I was just going to give him a hundred dollars.

Q  Do you recall back on March 10th, 2008 giving a deposition with me and - -

A  I do recall that.

Q  -- Mr. Garcia?  And do you recall being placed under oath?

A  I sure do.

. . . .

Q  Is it possible that you had another method of payment for Mr. Warner?

A  Such as?

Q  Crack cocaine.

A  I might have done something like that.  Is that relevant to the case?

. . . .

Q And so you were actually paying Mr. Warner, according to your testimony, to help you move in crack cocaine?

A  Actually, it was a little bit of money and a little bit of crack cocaine.

Ex. E at 77-79.

The state court held an evidentiary hearing on this claim at which trial counsel testified he was not happy with the witness's reference to cocaine at trial, but did not explain why he failed to object to the references to crack. Ex. Q at 187-88.  Counsel agreed that for his defense, he did not need the witness to be "a sterling member of society."  Ex. Q at 187.  At the conclusion of the hearing, the judge denied the ineffective assistance claim, explaining that it was "clearly relevant" to the witness's credibility that the codefendant was using crack cocaine at the time of the offense and it was relevant that he was paying Warner in part with crack cocaine.  Ex. Q at 220.  Based on these conclusions, the state court ruled that counsel's failure to object was not deficient performance.  Ex. Q at 221.  The state court's denial of relief on this claim was not appealed and is thus unexhausted and procedurally defaulted.

Regardless of any default, it should be denied on the merits.  While a claim of ineffective assistance of counsel can be based on state law issues, when the underlying claim is clearly a question of state law, the federal court will defer to state court precedent in construction of its own law.  *See* Shaw v. Wilson, 721 F.3d 908, 914 (7th Cir. 2013).  The post-conviction court concluded that the evidence would have been relevant and

admissible.  It would be a matter of speculation as to how the trial judge would have ruled if an objection and motion for mistrial had been made.  A mistrial will be granted only when the error is so prejudicial as to vitiate the entire trial.  *See* Salazar v. State, 991 So. 2d 364, 372 (Fla. 2008). Petitioner has not demonstrated a reasonable possibility that, had counsel objected and moved for a mistrial, that a mistrial or appellate relief from denial of a mistrial would have been granted.  In light of the other evidence in the case, Petitioner has failed to show that the evidence was so prejudicial as to vitiate the entire trial.  Moreover, had a mistrial been requested and denied, under Florida law the appellate court would uphold that ruling under the abuse of discretion standard "unless the 'judicial action is arbitrary, fanciful, or unreasonable.' "  *Id.*

The prejudice prong of Strickland, requiring a showing of a reasonable probability of a different result—a reasonable probability being one sufficient to undermine confidence in the outcome—has not been shown.  For the foregoing reasons, the post-conviction court's adjudication of Warner's ineffective assistance of counsel claim did not involve an unreasonable application of clearly established federal law, nor was it

based on an unreasonable determination of the facts in light of the evidence presented.  This ground should be denied.

## **Ground 7**

Petitioner argues in this ground that trial counsel was ineffective by failing to object and move for mistrial when the prosecutor misstated the testimony of Petitioner's codefendant during closing argument.  ECF No. 7 at 17.  The basis for the claim is not specified in the amended § 2254 petition, but in Petitioner's first habeas petition, he argues in Ground 7 that the prosecutor misstated the testimony of the key defense witness, the codefendant, by arguing that the witness testified he entered a plea of guilty to the same offenses for which Petitioner was on trial because he was guilty and not as a plea of convenience.  Petitioner contends that this was an objectionable misstatement of the witness's testimony and that it impaired the credibility of Petitioner's only defense, which was that the codefendant, and thus Petitioner, had permission to be in the apartment. *See* ECF No. 1 at 25.  This same claim was raised in the state post-conviction court and was the subject of the evidentiary hearing.

On direct examination, the codefendant testified at trial in pertinent part as follows:

Q  . . .  have you been convicted of any felony offenses?

A  Yes, sir, I have.

Q  Do you know how many?

A  Approximately ten, I think.

Q  And among those ten convictions, you were also convicted of a burglary that occurred on or about December 10th, 2007?

A  Correct.

Q  And in that burglary case in which you were convicted, you entered a plea of guilty; is that right?

A  Yes, sir I did.

Q  Now, . . did you plea [sic] guilty because you are guilty?

A  I pled guilty because I don't have as much faith in the system as a lot of people.  And I have a kid out there.  And I couldn't get a hold of the person who actually owned the apartment, who was renting the apartment whose stuff it really was.  I didn't think I could get him in to testify because I thought the State - - his lawyer said that the State was going to put down - -
. . . .
A  His lawyer, Annabelle Dias, was going to, pretty much recommend that he not say anything because he said that he was going to trial and that he may be taking a deal and the State would put a thumb down on him if he testified on my behalf.

Ex. E at 73-74.  When asked on cross-examination by the prosecutor if he pled guilty to the burglary and grand theft because he did not have permission to be in the apartment, the witness responded, "No, ma'am." Ex. E at 85.

During her closing statement, the prosecutor argued, "[The codefendant's] exact testimony is I pled.  I did it.  I committed a burglary. He didn't plea to a burglary out of convenience.  He pled because he accepted responsibility for his actions."  Ex. E at 129.  Prior to the prosecutor's argument, defense counsel had already argued to the jury in closing that the codefendant "told you I pled to this case.  I did it.  I feel bad for David Warner because I know I got him into this.  Why is he doing that? Why is he telling you that?  He has already taken his lick.  He is telling you that because he is coming clean."  Ex. E at 127.

At the post-conviction evidentiary hearing on this claim, Petitioner's trial counsel testified that he brought up the subject of the witness's burglary conviction on direct examination, and that he had no strategic reason why he did not object to the prosecutor's characterization of the testimony in closing argument.  Ex. Q at 176.  Counsel also testified that as a general principle, he tries to avoid objecting during the State's closing

argument.  Ex. Q at 198.  Trial counsel further testified that because the

witness had entered a plea of guilty, the prosecutor's characterization of

the witness's testimony was essentially correct and there was no reason to

object.  Ex. Q at 187.  This testimony by trial counsel, and the fact that

counsel essentially conceded in closing argument that the codefendant was

the one guilty of a burglary, indicates a trial strategy attempting to show

that even if the codefendant was committing a burglary, Warner was

innocent.  As counsel testified at the evidentiary hearing: "[J]ust because

[the codefendant] was committing a burglary doesn't mean that Mr. Warner

committed a burglary.  [The codefendant] was committing a burglary and

hired Mr. Warner to do a move.  So, [the codefendant's] guilt is not an

indication of Mr. Warner's guilt."  Ex. Q at 187.

At the conclusion of the post-conviction evidentiary hearing, the judge

denied relief on this claim, ruling that the prosecutor's characterization of a

guilty plea entered by the defense witness, which the court equated to an

admission of "I did it," was an accurate statement of the law and common

sense.  Ex. Q at 213.  The court concluded that the prosecutor's statement

that the witness pled guilty because he took responsibility was "fair

comment and argument based upon the testimony before the Court."  Ex.

Q at 213.  Because the court also concluded that regardless of whether the
prosecutor's characterization of the testimony was objectionable, the claim
would be denied based on lack of prejudice, explaining that even if a
motion for mistrial had been made, it would have been denied.  Ex. Q at
213, 220.

The denial of relief on this ground was not appealed to the state
appellate court and is thus unexhausted and procedurally defaulted.
Regardless of any default, the claim should be denied on the merits.
Petitioner has not demonstrated that the state post-conviction court's
rejection of this ground was either (1) contrary to, or involved an
unreasonable application of, clearly established U.S Supreme Court
precedent, or (2) based on an unreasonable determination of the facts in
light of the evidence presented in the state court proceeding.  *See* 28
U.S.C. § 2254(d)(1)-(2).

The record is clear that the defense witness pled guilty to the burglary
that occurred on December 10, 2007.  As trial counsel noted at the
evidentiary hearing, simply because the codefendant was committing a
burglary did not prove that Petitioner also entered the apartment with the
intent to commit a crime.  Evidence was presented that the codefendant

represented to Petitioner that he had been requested by a former occupant to move items out of the apartment because he was about to be arrested. The theory of the defense case included the contention that someone other than the codefendant and Petitioner had forced open the door. *See, e.g.*, Ex. E at 37-38 (cross-examination of deputy regarding lack of knowledge of circumstances surrounding the forcing of the door); Ex. at 60-61 (cross-examination of victim regarding lack of knowledge when the door was kicked in and by whom); Ex. E at 87 (testimony of defense witness that the door was open when they arrived at the apartment). Therefore, the prosecutor's erroneous characterization of the codefendant's guilty plea was not in direct conflict with the defense's theory of the case that even if the codefendant was guilty, Warner had no reason at the time of the offense to doubt that the codefendant had permission to enter the apartment and remove items found there.

Moreover, as the state post-conviction court concluded, even if an objection and motion for mistrial had been made, it had little possibility of success. This is in accord with Florida law that holds "[a] mistrial will be granted only when the error is so prejudicial as to vitiate the entire trial." *See* Salazar, 991 So. 2d at 372. Petitioner has not demonstrated that the

alleged error was so prejudicial as to vitiate the entire trial or demonstrate a

reasonable possibility of a different result, that being one sufficient to

undermine confidence in the outcome of the trial.  Nor has Petitioner

demonstrated that the prosecutor's argument "so infected the trial with

unfairness as to make a resulting conviction a denial of due process."

Darden v. Wainwright, 477 U.S. 168, 181 (1986).  For all these reasons,

this ground should be denied.

## **Ground 8**

Petitioner argues in Ground 8 that trial counsel was ineffective and

failed to provide counsel as guaranteed by the U.S. Constitution because

he elicited prejudicial testimony from the sole defense witness.  It is

contended that this lessened the State's burden of proof of the crimes

charged, thus defeating stringent adversarial testing.  ECF No. 7 at 18.

This ground was raised in the State court post-conviction proceeding and

was heard at the evidentiary hearing.  Ex. Q. at 177-78.  The testimony at

issue was elicited by trial counsel on direct examination of the sole defense

witness, Petitioner's codefendant, that he had ten felony convictions, one of

which was a conviction for the December 10, 2007, burglary to which he

pled guilty.  The state post-conviction court denied the claim, but Petitioner

did not appeal that denial.  Because the claim is unexhausted and procedurally defaulted, it should be denied.

Even if the claim had been exhausted, it should be denied on the merits.  Petitioner failed to demonstrate deficient performance under the first prong of the two-prong test for ineffective assistance of counsel set forth in Strickland.  When asked at the evidentiary hearing why he brought out the defense witness's felony convictions and the guilty plea for the December 10, 2007, burglary on direct examination, he explained that he did so "[b]ecause the State would have used it to impeach him, so I would try to take out some of the sting of that."  Ex. Q at 177.

The state post-conviction court determined that ineffective assistance of counsel had not been shown, stating:

> I totally agree.  I think many, many defense attorneys would agree that it is preferable to go ahead and get what is certainly going to come out on cross examination out of the way.  I think it clearly was admissible that he had already plead guilty to this charge. I don't find it was ineffective for going ahead and bringing it out.  In fact, it probably was the best strategy that could have been employed.  And, particularly, given [the codefendant] goes on to explain in a very exculpatory manner why he pled to the charge.  I don't think there was ineffective assistance at all.  And, again, as Mr. Garcia pointed out, the fact that [the codefendant] was guilty, didn't necessarily make Mr. Warner guilty, given their strategy in the case.

Ex. Q at 221-22.  Because the state post-conviction court found no

deficient performance, the prejudice prong of <u>Strickland</u> need not be

examined.  "When one component of the <u>Strickland</u> two-part test for

ineffective assistance fails, "there is no need for a court to address both

components of the inquiry if the defendant makes an insufficient showing

on one."  <u>Strickland</u>, 466 U.S. at 697.

Trial counsel's actions in eliciting this information on direct

examination of the defense witness was shown to be valid trial strategy

and, thus, not outside the "wide range of professionally competent

assistance" referred to in <u>Strickland</u>.  *See* <u>Strickland</u>, 466 U.S. at 690.  The

Supreme Court further explained:

> No particular set of detailed rules for counsel's conduct can
> satisfactorily take  account of the variety of circumstances faced
> by defense counsel or the range of legitimate decisions
> regarding how best to represent a criminal defendant.  Any
> such set of rules would interfere with the constitutionally
> protected independence of counsel and restrict the wide
> latitude counsel must have in making tactical decisions.

*Id.* at 688-89.  Accordingly, Petitioner Warner has not shown that the state

court's adjudication of this ground involved an unreasonable application of

clearly established federal law or that it is based on an unreasonable

determination of the facts.  *See* 28 U.S.C. § 2254(d)(1)-(2).  This ground should be denied.

## Conclusion

Based on the foregoing, Petitioner David Warner is not entitled to federal habeas relief.  Accordingly, the amended § 2254 petition (ECF No. 7) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** the amended § 2254 petition (ECF No. 7).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on October 12, 2016.

**S/ Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.