IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVID WARNER,

    Petitioner,

v.                                      CASE NO. 4:13cv552-RH/CAS

STATE OF FLORIDA,

    Respondent.

_____/

**ORDER DENYING THE PETITION AND**
**DENYING A CERTIFICATE OF APPEALABILITY**

     By a petition for a writ of habeas corpus under 28 U.S.C. § 2254, David Warner challenges his Florida state-court conviction of burglary and grand theft. This order denies the petition.

     Mr. Warner and a codefendant removed property from an apartment under highly suspicious circumstances. The codefendant pleaded guilty. Mr. Warner went to trial. The defense was that the codefendant hired Mr. Warner to help move property from the apartment and that, so far as Mr. Warner knew, the codefendant had the tenant's permission to move the property. Mr. Warner introduced the

codefendant's testimony that he had indeed hired Mr. Warner to help with an ostensibly legal move.

The petition is before the court on the magistrate judge's report and recommendation, ECF No. 15. No objections have been filed. The report and recommendation is correct and is adopted as the court's opinion, with these additional notes.

In claim 6, Mr. Warner asserts his attorney rendered ineffective assistance by failing to object to the prosecutor's cross-examination of the codefendant. On direct, the codefendant said he paid Mr. Warner for helping with the move. On cross, the prosecutor elicited the codefendant's testimony that he used alcohol and cocaine at the time of the move. This was proper; an impaired witness may have an impaired memory. The prosecutor also asked how the codefendant paid Mr. Warner—information that was obviously relevant. When the codefendant said he paid Mr. Warner with cash, the prosecutor asked about the codefendant's statement in a pretrial deposition that he paid Mr. Warner with cocaine. The codefendant said he paid Mr. Warner with both cash and cocaine.

This was proper cross-examination. An objection would properly have been overruled. Whether Mr. Warner was paid was an important issue; *how* he was paid was relevant on that issue; and in any event, the prior inconsistent statement was a proper matter for impeachment. A trial judge could have excluded the testimony

under the state version of Federal Rule of Evidence 403, but there is no reason to believe this judge would have done so. And while the test on habeas is not how I would have ruled on an objection in these circumstances, it is perhaps worth noting that I would have overruled the objection.

In claim 7, Mr. Warner asserts his attorney rendered ineffective assistance by failing to object to the prosecutor's description in closing argument of the codefendant's testimony on why he pleaded guilty. The prosecutor said the codefendant admitted he was in fact guilty. That was not correct. The codefendant said, in effect, that he pleaded guilty because he did not trust the system and was unable to find the tenant to serve as a witness. The prosecutor's misstatement of the testimony was improper. But the likelihood was slight that this argument made any difference. The critical issue was whether the codefendant hired an unknowing Mr. Warner to help move the property out of the apartment, not whether the codefendant in fact had the tenant's permission to move the property. In the circumstances of this case, the codefendant's testimony that Mr. Warner had no knowledge might have been more credible had the codefendant given the testimony the prosecutor ascribed to him rather than the facially dubious testimony that he himself was not guilty.

In any event, the bottom line on claims 6 and 7, as on the other claims, is this. A federal habeas court may set aside a state court's ruling on the merits of a

petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The state courts' rejection of Mr. Warner's claims did not run afoul of these standards.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Warner has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on December 24, 2016.

                                     s/Robert L. Hinkle
                                     United States District Judge